UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                         Case No. 19-CR-164

DORSEY CHILDS,

    Defendant.

## ORDER DENYING THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

Dorsey Childs is charged with possessing two firearms after having been convicted of a felony. The two firearms were found by police when they searched Childs and his car on July 31, 2019. Thus far Childs has been unable to discern from discovery provided by the government and from his own investigation whether there was a lawful basis for his stop and arrest. Therefore, he filed a motion to suppress and requested an evidentiary hearing. (ECF No. 31.)

The following facts appear undisputed. Childs was at a gas station at about 4:19 PM on July 31, 2019, filling up his Chevy Suburban when two police officers approached him, guns drawn, demanded he get down on the ground, and arrested him.

(ECF No. 31 at 2.) An officer searched Childs and recovered a firearm. An officer found a second firearm in Childs's Suburban. (ECF No. 31 at 2.) Roughly 30 minutes before Childs's arrest, the Wisconsin Department of Corrections issued an "apprehension request" for him. (ECF No. 31 at 1; *see also* ECF No. 19-1.)

When a person is subject to the supervision by the Wisconsin Department of Corrections, it shall order an offender into custody if he "is alleged to have been involved in assaultive or dangerous conduct" and may order his detention if it is otherwise necessary in accordance with the Department's regulations. *See* Wis. Admin. Code § DOC 328.27(1) and (2). Whenever feasible, Department employees are required to request that law enforcement personnel take an offender into custody. To effect this, Department personnel will issue an "apprehension request." The request acts like an arrest warrant but is not reviewed by a judicial officer. *See State v. Pittman*, 159 Wis. 2d 764, 771, 465 N.W.2d 245, 248 (Ct. App. 1990).

Childs does not argue that arrest pursuant to an apprehension request was unlawful. Rather, he notes that an apprehension request requires a "reasonable basis" to believe that the offender violated the conditions of his probation, *see State v. Goodrum*, 152 Wis. 2d 540, 545, 449 N.W.2d 41, 44 (Ct. App. 1989), and he questions whether there was such a basis here. The apprehension request was based on allegations of "manufacture/deliver cocaine." (ECF No. 19-1 at 2.) But Childs argues that an

evidentiary hearing is needed because the government has not produced any evidence that Childs was engaged in drug trafficking. (ECF No. 31 at 5.)

In response to Childs's request for an evidentiary hearing the government states that it has "learned that Milwaukee Police Officers had utilized a confidential informant to buy crack cocaine from the defendant on 5 occasions. MPD officers relayed this information to a probation agent at WI DOC who then issued the apprehension warrant.… The officers have video and audio recordings of the buys, which they have agreed to produce to the US Attorney's Office for release to the defense." (ECF No. 32 at 2-3.)

At this point, the court does not find an evidentiary hearing to be necessary. Provided the government will be able to promptly provide Childs with evidence demonstrating that there was a reasonable basis to conclude that Childs had manufactured or delivered cocaine prior to the apprehension request, a hearing to adduce such evidence would be unnecessary. Accordingly, Child's request for an evidentiary hearing is **DENIED**.

The court sets the following schedule for resolving this matter:

No later than **February 5, 2020**, the government shall provide to Childs all evidence that it believes establishes a reasonable basis for the apprehension request.

No later than **February 12, 2020**, Childs shall inform the court whether he intends to proceed with his motion to suppress. If necessary in light of any additional

information received from the government, Childs may file an amended motion to suppress no later than February 12, 2020.

Should Childs file an amended motion wherein he requests an evidentiary hearing, no later than **February 14, 2020**, the government shall respond to any renewed request for an evidentiary hearing.

No later than **February 19, 2020**, the government shall respond to Childs's motion to suppress.

Childs may reply no later than **February 25, 2020**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge